UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Lilly Investments, LLC, a
Michigan limited liability
company, et al,

           Plaintiffs,

Case No. 14-cv-10712
Hon. Judith E. Levy
Mag. Judge David R. Grand

v.

City of Rochester, and Planning
Commission of the City of
Rochester, a municipal
commission,

           Defendants,

and

City of Rochester,

           Counter-Plaintiff,

v.

Lilly Investments, LLC and Louis
E. Leonor,

           Counter-Defendants.

_____/

**OPINION AND ORDER REJECTING DEFENDANTS' OBJECTIONS [54] AND ADOPTING THE MAGISTRATE JUDGE'S ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER [42]**

1

Before the Court is defendant/counter-claimant City of Rochester and defendant City of Rochester Planning Commission's (collectively "defendants") objection to Magistrate Judge Grand's Order Denying Defendants' Motion for Protective Order (the "Order"). The motion seeks to prevent plaintiffs Lilly Investments, LLC, Dentists on Main, P.C., and Louis Leonor (collectively "plaintiffs") from eliciting testimony, either in the form of a deposition or during an evidentiary hearing, from members of the City's Planning Commission (the "Commission"), the City Council, or the Building Department in connection with the parties' cross-motions for preliminary injunction.

Defendants object to the Order arguing (1) it erroneously ignores facts from the record outside of plaintiffs' complaint; (2) the Magistrate Judge did not have jurisdiction to rule on the protective order prior to ruling on defendants' Motion to Dismiss; and (3) its legal conclusions regarding defendants' claims of legislative testimonial privilege were contrary to law.

For the reasons stated below, after considering defendants' objections, the Court ADOPTS the Magistrate's Order.

I. **Background**

Magistrate Judge Grand's Order adequately recites the factual background in this matter and the Court adopts those sections of the Order. (*See* Dkt. 42 at 2-7). The Court will summarize the procedural history in further detail below as additional events have occurred since the Order was entered.

In February 2014, plaintiffs sued seeking a writ of mandamus and injunctive relief, and alleging claims of "Superintending Control," taking/inverse condemnation, violations of procedural and substantive due process and equal protection, breach of contract, promissory/equitable estoppel, and violation of their rights under 42 U.S.C. § 1983. (Dkt. 1). Defendants counter-sued for nuisance, a declaratory judgment, and permanent injunction. (Dkt. 3). Both parties filed motions for preliminary injunction. (Dkts. 22 & 27).

On April 22, 2014, defendants filed a motion for the protective order that is currently at issue before the Court. (Dkt. 31). Defendants sought an order: (1) preventing plaintiffs from deposing any members of the Commission, Building Department, or City Council regarding the matters at issue in the preliminary injunction motions; and (2) preventing plaintiffs from questioning those individuals at the

upcoming preliminary injunction hearing. On April 22, 2014, defendants also filed a motion to dismiss. (Dkt. 30). Both of these motions were referred to Magistrate Judge Grand. (Dkts. 32 & 33).

Magistrate Judge Grand denied the motion for a protective order on May 9, 2014. (Dkt. 42). Defendants filed an emergency motion to stay the order on May 20, 2014, and filed objections to the protective order on May 22, 2014. (Dkts. 51 & 54). On June 4, 2014, Magistrate Judge Grand granted defendants' motion to stay and adjourned the court's scheduled hearing on the parties' cross motions for summary judgment. (Dkts. 63 & 64).

On October 22, 2014, Magistrate Judge Grand vacated his order granting defendants' motion for a stay of the protective order and set new discovery and briefing deadlines in connection with the parties' cross motions for preliminary injunction. The parties were instructed to withdraw their pending motions for preliminary injunction and they were given until December 5, 2014, to conduct limited discovery in anticipation of filing new motions. (Dkt. 78). On January 20, 2015, the parties filed updated motions for preliminary injunction, and hearings

4

before Magistrate Judge Grand are scheduled for March 12 and 13, 2015. (Dkts. 91, 92, 95, & 96).

Magistrate Judge Grand heard oral argument on defendants' motion to dismiss and, on October 17, 2014, issued a Report and Recommendation denying the motion. (Dkt. 77). On November 11, 2014, defendants filed objections to the Report and Recommendation denying defendants' motion to dismiss. (Dkt. 80).

## II. Legal Standard

A denial of a motion for a protective order is a non-dispositive order. *See* 28 U.S.C. § 636(b)(1)(A); E.D. Mich. L.R. 7.1(e)(2). The district court reviews non-dispositive orders issued by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A), which states in relevant part: "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Rule 72(a) of the Federal Rules of Civil Procedure further provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order

5

stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a).

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry,* 518 F.3d 442, 449 (6th Cir. 2008) (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948)). The magistrate judge's legal conclusions are reviewed under the "contrary to law" standard. *Gandee v. Glaser,* 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd,* 19 F.3d 1432 (6th Cir. 1994) (Table). The "contrary to law" standard requires this Court to exercise "independent judgment" in determining whether the magistrate judge's legal conclusions "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Id.* at 686 (internal citations and quotation marks omitted).

### III. Analysis

**A. The Magistrate Judge's Factual Findings Were Not**

**Clearly Erroneous.**

Defendants argue that the Magistrate Judge's factual findings were clearly erroneous because the facts from plaintiffs' amended complaint were taken as true. According to defendants, had the Magistrate Judge taken into account facts from the entire record, the Motion for Protective Order would have been granted. On the contrary, the Magistrate Judge's treatment of the facts in the Order was proper. *See Scott v. Harris*, 550 U.S. 372, 378 (2007) (finding that courts must draw inferences from the facts in the light most favorable to the non-moving party when there have been no prior factual findings by a judge or jury). The Magistrate Judge, in fact, made no factual findings in the Order that were material to his decision noting that "even absent any factual deference at this stage, the Court's conclusions as to the instant motion would remain unchanged." (Dkt. 42 at 2).

Accordingly, the Court finds that the Magistrate Judge's factual findings were not clearly erroneous.

### B. The Magistrate Judge's Order Was Properly Adjudicated Prior to a Ruling on Defendants' Motion to Dismiss.

Defendants also object to the denial of the protective order on the ground that the Magistrate Judge's Order was improperly entered prior

to a decision on defendants' Motion to Dismiss.  Defendants argue that it was improper for the Magistrate Judge to rule on this issue when they had a challenge to the Court's jurisdiction pending in a motion to dismiss.

Defendants' objection regarding the timeliness of the Order is now moot given the Magistrate Judge's denial of defendants' motion to dismiss.  Even taking into account the fact that defendants have objected to the Magistrate Judge's Order denying their motion to dismiss, defendants' argument still fails as they provide no authority to show that the Magistrate Judge's decision to issue an Order on defendants' Motion for a Protective Order was contrary to law.

### C. The Magistrate Judge's Decision Regarding Defendants' Claims of Legislative Testimonial Privilege Was Not Contrary to Law.

Defendants' third objection contests the Magistrate Judge's ruling regarding defendants' legislative testimonial privilege.  Defendants argue that, because the individuals plaintiffs seek to depose were carrying out discretionary legislative functions, they cannot be compelled to be deposed or to testify at an evidentiary hearing because their testimony is protected by the legislative testimonial privilege.

The Magistrate Judge properly found that the testimony sought by plaintiffs falls outside the scope of any legislative testimonial privilege as defendants actions were neither legislative in form nor were they key steps in the legislative process. *See Jaggers v. City of Alexandria*, 2009 WL 233244 at *4-5 (6th Cir. 2009). The City of Rochester Zoning Ordinance § 2703(a) states:

> [w]ithin 45 days after submittal of the site plan to the city by the applicant, the commission shall either approve, disapprove, or request modification in the site plan. A resubmittal by the applicant of a modified site plan shall be acted upon by the planning commission with 45 days after receipt of the modified site plan.
>
> ****
>
> Failure to comply with and/or deviate in any material way from an approved site plan shall constitute a violation of the zoning ordinance…

(Dkt. 35-15). As the Magistrate Judge noted, this city ordinance is analogous to the one the Sixth Circuit analyzed in *Jaggers* where it found there was no evidence to show that a decision to approve or disapprove plans was an invocation of a city's legislative power. *Jaggers*, 2009 WL at * 13-14.

As properly noted by the Magistrate Judge, furthermore,"[i]f the underlying purpose of the zoning activity is to establish general policy,

9

then it is legislative. If, however, the zoning action involves applying existing zoning rules to a specific property, the question of legislative immunity becomes more difficult because applying known rules and legislation to make a zoning decision in this way is more likely to be administrative rather than legislative." *Jaggers*, 2009 WL at *5 (*citing* 8A Eugene McQuillian, The Law of Municipal Corporations § 25.217 (3d ed. 2008) ("[A] zoning ordinance vesting in the municipal council the power to determine whether a building permit should be granted . . . ordinarily is regarded as administrative, rather than legislative in character.") (other internal citations and quotations omitted)).

The cases relied upon by defendants in their initial Motion for Protective Order do not support their argument that the decisions at issue in this case were legislative in nature. (Dkt. 31). The cases relied upon dealt with zoning changes or requests for re-zoning and not with the application of such zoning ordinances. *See Searington Corp. v. Inc. Vill. Of N. Hills*, 575 F.Supp. 1295 (E.D.N.Y. 1981) (finding that a village mayor and board members were absolutely immune from suit for activities related to zoning changes); *Sheffield Dev. Co. v. City of Troy*, 298 N.W.2d 23 (Mich. Ct. App. 1980) (city officials did not have to

answer questions related to a re-zoning request unless there were allegations of fraud, personal interest, or corruption); *Pythagorean, Inc. v. Grand Rapids Twp.*, 656 N.W.2d 212 (Mich. Ct. App. 2002) (finding that questions about planning commission member's motivation behind a decision on a re-zoning application were irrelevant). Here, on the contrary, as the Magistrate Judge properly held, "[d]efendants have offered no evidence to support a conclusion that their act of *applying* existing zoning rules to grant or deny a site plan permit to a single property was legislative rather than administrative in substance." (Dkt. 42 at 16) (emphasis added); *see also Hesse Realty, Inc. v. City of Ann Arbor*, 61 Mich. App. 319, 324-25 (Mich. App. Ct. 1975) (noting that while municipalities "are given great breadth in establishing general land use patterns through their power to zone," their "ability to regulate specific uses which the zoning scheme allows, through site plan approval and building permit issuance, must be carefully circumscribed by specific, published standards" and thus generally qualifies as an administrative, rather than legislative, act).

Thus, the Court finds that the Magistrate Judge's decision regarding defendants' claim of a legislative testimonial privilege was not contrary to law.

Accordingly, for the foregoing reasons:

The Court REJECTS defendants' objections and ADOPTS the Magistrate's Order.

Defendants' Motion for Protective Order is DENIED.

IT IS SO ORDERED.

Dated: February 23, 2015      s/Judith E. Levy
Ann Arbor, Michigan      HON. JUDITH E. LEVY
     United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 23, 2015.

     s/Felicia M. Moses
     FELICIA M. MOSES
     Case Manager